GRIFFIS, P.J., DISSENTING:
 

 ¶ 21. Because I would affirm the conviction under Count III, I respectfully dissent.
 

 ¶ 22. There was no direct evidence by a witness who saw the gun. However, "the absence of physical evidence does not negate a conviction where there is testimonial evidence."
 
 Sanders v. State
 
 ,
 
 162 So.3d 868
 
 , 870 (¶ 11) (Miss. Ct. App. 2015). Here, Banks testified he felt something like a gun on the back of his head. He said that he believed Brent possessed a gun because it felt hard against his skull. Banks insisted that it did not feel like a finger. "[O]ne can possess a firearm without using or displaying it."
 
 Johnson v. State
 
 ,
 
 132 So.3d 616
 
 , 627 (¶ 38) (Miss. Ct. App. 2013).
 

 ¶ 23. In my opinion, even though Banks never saw Brent's gun, Banks clearly testified that he thought Brent possessed a gun because Brent pressed something hard, unlike an opposable thumb or finger, against the back of his skull and threatened him. From this testimony, a rational juror could have found the State proved the element of possession. Accordingly, I find that there was sufficient evidence to support the conviction and the trial court did not err when it denied Brent's motion for a directed verdict regarding Count III.
 

 CARLTON AND WILSON, JJ., JOIN THIS OPINION.